IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MAURICIO EDMUNDO VALOIS-PEREZ, <br><br> Petitioner, <br><br> vs. <br><br> WARDEN KENNETH BLACK, <br><br> Respondent. | CASE NO. 3:21-CV-01149-SO <br><br> DISTRICT JUDGE SOLOMON OLIVER, JR. <br><br> MAGISTRATE JUDGE AMANDA M. KNAPP <br><br> **MEMORANDUM AND ORDER** |

Before the Court is a Motion to Expand the Habeas Record filed by *pro se* Petitioner Mauricio Edmundo Valois-Perez ("Petitioner"). (ECF Doc. 9.) Respondent did not file a response to Plaintiff's Motion to Expand the Habeas Record, and therefore the Court deems this motion unopposed. For the reasons that follow, the Motion to Expand the Habeas Record is GRANTED.

## I. PROCEDURAL BACKGROUND

On May 18, 2021,[1] Petitioner, proceeding *pro se,* filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court. (ECF Doc. 1.) In his petition, he raised three grounds for habeas relief:

> GROUND ONE: Trial counsel's failure to grasp the basis of the charges and the potential defenses constituted deficient counsel under the 6th Amendment to the U.S. Const.

---

[1] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988). While the Petition herein did not arrive at the Court for filing until June 7, 2021, Petitioner states that he placed it in the prison mailing system on May 18, 2021. (ECF Doc. 1 p. 15.) Thus, the Court will consider the Petition as filed on May 18, 2021.

1

> GROUND TWO: The court of appeals violated Appellant's Sixth Amendment right to the U.S. Constitution when overruling his motion to withdraw Plea, Crim. R. 32.1.
>
> GROUND THREE: Appellate counsel's performance was deficient in violation of his Sixth Amendment right to the U.S. Const.

(*Id*. at pp. 5-8.)

On November 30, 2021, Petitioner filed the instant Motion to Expand the Record. (ECF Doc. 9.) In this Motion, Petitioner seeks to add to the record a February 19, 2021 letter from his appellate counsel, in which "she sent Petitioner a fill-in-the-blank motion for delayed appeal to the Supreme Court of Ohio." (*Id*. at p. 2.) He asks that the letter be admitted "as proof of his claim of ineffective assistance of appellate counsel, which excuses the alleged procedural default of the grounds of the habeas petition before this court." (*Id*. at p. 3.) Respondent did not oppose this motion.

On January 12, 2022, Respondent filed his Return of Writ (ECF Doc. 11), which did not contain the correspondence between Petitioner and his appellate counsel. In his Return of Writ, Respondent asserted that Petitioner had procedural defaulted all his claims. (*Id*. at p. 22.)

## II. DISCUSSION

Rule 7 of the Rules Governing Section 2254 Cases provides that "the Court may direct the parties to expand the record by submitting additional materials relating to the petition." Rules Governing § 2254 Cases, 28 U.S.C. § 2254 (2010). "The decision of whether to expand the record, however, is within the sound discretion of the district court." *West v. Bell*, 550 F.3d 542, 551 (6th Cir. 2008). Because "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court," a federal habeas court may only review evidence in the record at the time

2

of the state court proceedings. *Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1399, 179 L.Ed.2d 557 (2011); *Black v. Bell*, 664 F.3d 81, 91 (6th Cir. 2011).

Expansion of the record in a habeas proceeding is discretionary. *See* Rule 7 of the Rules Governing § 2254 Cases, 28 U.S.C.A. foll. § 2254 (". . . the judge *may* direct the parties to expand the record . . .) (emphasis supplied) *see e.g., Keenan v. Bagley*, No. 1:01CV2139, 2008 WL 4372688, at *2 (N.D. Ohio Sep. 22, 2008) (granting motion to expand the record for limited purpose of determining whether the petitioner had exercised diligence in developing the factual record in state court, but "reserv[ing] the right to exclude this evidence from consideration when it reaches the merits of [the petitioner's] claims").

Because Petitioner's request is narrowly-tailored, the evidence submitted is potentially relevant to the issue of procedural default, and the motion is unopposed, the Court grants Petitioner's request to add the February 19, 2021 letter from his appellate counsel to the record of this habeas case. However, the undersigned notes that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Moore v. Mitchell*, 708 F.3d 760, 781 (6th Cir. 2013) (quoting *Cullen v. Pinholster*, 131 S.Ct. at 1398). This private communication between Petitioner and his counsel is not part of the record before the state court that adjudicated the merits of the underlying case. Therefore, the letter is admitted only for the limited purpose of determining whether Petitioner's alleged procedural default of the grounds of this habeas petition should be excused on the basis of ineffective assistance of appellate counsel, and the Court reserves the right to exclude this evidence from consideration when it reaches the merits of Petitioner's claims.

### III. CONCLUSION

For all the reasons set forth above, Petitioner's Motion to Expand the Record (ECF Doc. 9), is GRANTED for the limited purpose of determining whether Petitioner's alleged procedural default of the grounds of this habeas petition should be excused on the basis of ineffective assistance of appellate counsel.

Dated: February 18, 2022

                                            *s/ Amanda M. Knapp*
                                            AMANDA M. KNAPP
                                            UNITED STATES MAGISTRATE JUDGE