# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| MAURICIO EDMUNDO VALOIS-PEREZ, | CASE NO. 3:21-CV-01149 |
| Petitioner, | DISTRICT JUDGE SOLOMON OLIVER, JR. |
| vs. | MAGISTRATE JUDGE AMANDA M. KNAPP |
| WARDEN KENNETH BLACK, | |
| Respondent. | **MEMORANDUM AND ORDER** |

Before the Court is a Motion to Expand the Habeas Record filed by *pro se* Petitioner

Mauricio Edmundo Valois-Perez ("Petitioner").  (ECF Doc. 14.)  Respondent did not file a

response to Plaintiff's Motion to Expand the Habeas Record, and therefore the Court deems this

motion unopposed.  For the reasons that follow, the Motion to Expand the Habeas Record is

GRANTED in part and DENIED in part.

## I.      PROCEDURAL BACKGROUND

On May 18, 2021,[1] Petitioner, proceeding *pro se,* filed a petition for writ of habeas

corpus under 28 U.S.C. § 2254 in this Court.  (ECF Doc. 1.)  In his petition, he raised three

grounds for habeas relief:

> GROUND ONE: Trial counsel's failure to grasp the basis of the charges and the
> potential defenses constituted deficient counsel under the 6th Amendment to the
> U.S. Const[itution].

---

[1] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison
authorities.  *See Houston v. Lack*, 487 U.S. 266 (1988).  While the Petition herein did not arrive at the Court for
filing until June 7, 2021, Petitioner states that he placed it in the prison mailing system on May 18, 2021. (ECF Doc.
1 p. 15.)  Thus, the Court will consider the Petition as filed on May 18, 2021.

GROUND TWO: The court of appeals violated Appellant's Sixth Amendment right to the U.S. Constitution when overruling his motion to withdraw Plea, Crim. R. 32.1.

GROUND THREE: Appellate counsel's performance was deficient in violation of his Sixth Amendment right to the U.S. Const[itution].

(*Id.* at pp. 5-8.)

On November 30, 2021, Petitioner filed his first motion to expand the record, seeking to add a 2021 letter from his appellate attorney. (ECF Doc. 9.) Respondent did not oppose the motion. On January 12, 2022, Respondent filed his Return of Writ (ECF Doc. 11), which did not contain the correspondence between Petitioner and his appellate counsel. In his Return of Writ, Respondent asserted that Petitioner had procedurally defaulted all his claims. (*Id.* at p. 22.)

The first motion to expand the record was granted on February 18, 2022, with a notation that the letter from Petitioner's appellate attorney was admitted only for the purpose of determining whether Petitioner's alleged procedural default should be excused on the basis of ineffective assistance of appellate counsel. (ECF Doc. 12.)

On February 17, 2022, Petitioner filed his Traverse (ECF Doc. 13) and a second motion to expand the record (ECF Doc. 14), which is now before the Court. The new motion seeks to add four additional documents to the record of this case, as follows:

1) a court-ordered psychological evaluation report by Charlene A. Cassel, Ph.D., dated April 14, 2017 (ECF Docs. 14 p. 2 & 14-1 pp. 13-26);

2) the first page of a Fremont Police Department ("FPD") report labeled "16-12-11503 Supplemental 669," described by Petitioner as a report by Officer Jacob Scully (ECF Docs. 14 p. 2 & 14-1 p. 1);

3) the first page of a FPD report labeled "16-12-11503 Supplemental 659," described by Petitioner as a supplemental report filed by Sgt. N. Belinda Rosenberger (ECF Docs. 14 p. 2 & 14-1 p. 2); and

4) a Fremont FPD report labeled "16-12-11503 671" and signed by Detective Sergeant Derek J. Wensinger, described by Petitioner as a December 11, 2016

2

narrative statement he gave to Detective Derek Wensinger and Sgt. Belinda Rosenberger (ECF Docs. 14 p. 2 & 14-1 pp. 3-12).

As with the prior motion to expand the record, Respondent did not file an opposition.

## II.    DISCUSSION

Rule 7 of the Rules Governing Section 2254 Cases provides that "the Court may direct the parties to expand the record by submitting additional materials relating to the petition." *Rules Governing § 2254 Cases*, 28 U.S.C. § 2254 (2010). "The decision of whether to expand the record, however, is within the sound discretion of the district court."  *West v. Bell*, 550 F.3d 542, 551 (6th Cir. 2008).  Nevertheless, because "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court," it has been established that a federal habeas court may only review evidence that was in the record at the time of the state court proceedings.  *Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1399, 179 L.Ed.2d 557 (2011); *Black v. Bell*, 664 F.3d 81, 91 (6th Cir. 2011).

In certain cases, a court may grant a motion to expand the record to include material outside the state court record for a limited purpose, such as determining whether the petitioner had exercised diligence in developing the factual record in state court, but this evidence will not be considered in evaluating the merits of a petitioner's claims.  *See e.g., Keenan v. Bagley*, No. 1:01CV2139, 2008 WL 4372688, at *2 (N.D. Ohio Sep. 22, 2008) (granting motion to expand the record for a limited purpose such as determining whether the petitioner had exercised diligence in developing the factual record in state court, but "reserve the right to exclude this evidence from consideration when it reaches the merits of [the petitioner's] claims").

While Petitioner does not explain why he seeks to add the specified documents to the record within his motion, he does cite to and discuss the relevant documents in his Traverse. Each individual document is discussed separately below.

**A.**     **2017 Psychological Evaluation Report**

As to the psychological evaluation report by Charlene A Cassel, Ph.D., dated April 14, 2017, the undersigned notes that the first page of the document appears to have been stamped by a clerk of courts. (ECF Doc. 14-1 p. 13.)  It is further observed that the state court record reflects that the trial court considered an evaluation report of the same date and author in determining whether Petitioner was competent to stand trial.  (ECF Doc. 11-1 p. 26.)  Respondent has not challenged the authenticity of the report or opposed its admission into the record in this case. Although the memorandum in support of the present motion does not explain why Petitioner seeks to add the evaluation report to the record, the Traverse cites to the report as evidence of the deficient performance of Petitioner's trial counsel.  (ECF Doc. 13 p. 22.)  Thus, it appears that the report was a part of the record before the state court and is relevant to Petitioner's contention in Ground One of the petition that his trial counsel's performance was deficient.

Petitioner's motion to add the 2017 evaluation report by Dr. Cassel to the record is accordingly GRANTED.  The evaluation report shall be added to the record as Exhibit 46.

**B.**     **Police Report of Detective Sergeant Wensinger**

As to the signed summary and narrative report by Detective Sergeant Derek J. Wensinger of the Fremont Police Department (ECF Doc. 14-1 pp. 3-12), the undersigned notes that the Ohio Sixth District Court of Appeals appears to have directly quoted from the text of this report in determining that Petitioner's counsel was not ineffective.  *See State v. Valois-Perez*, 2020-Ohio-3755, ¶¶ 21-23, 2020 WL 4036822, *5 (Ohio App. July 17, 2020), in the record at ECF Doc. 11-

4

1, Page ID # 255 (quoting language found in ECF Doc. 14-1 at p. 6).  The Sixth District court explained that the language was from "materials attached to appellant's motion."  *Id.*  It also appears to be referenced in Petitioner's July 16, 2019 merit brief in support of his appeal to the state appellate court, although it is not listed as an attachment to that brief.  (ECF Doc. 11-1, PageID# 182.)  Thus, it appears the narrative report of Detective Sergeant Wensinger was part of the record considered by the state court of appeals, although it was not part of the record provided by the Respondent.

As with the psychological evaluation report, Petitioner does not offer explanation in support of admission of this document in the present motion, but argues in the Traverse that the report is relevant to his claim that his trial counsel was ineffective.  (ECF Doc. 13 p. 23-26.)  It is again noted that Respondent has not challenged the authenticity of the report or opposed its admission into the record in this case.  Thus, it appears that Detective Sergeant Wensinger's report was made a part of the record before the state court and is relevant to Petitioner's contention in Ground One of the petition that his trial counsel's performance was deficient.

Petitioner's motion to add the report of Detective Sergeant Wensinger to the record is accordingly GRANTED.  The evaluation report shall be added to the record as Exhibit 47.

## C.  Police Report Excerpts

Petitioner describes the final two documents he seeks to add to the record as follows: (1) "Supplemental report filed by Sgt. N. Belinda Rosenberger #659"; and (2) "report by Officer Jacob Scully #669."  (ECF Doc. 14 p. 2.)  While each document appears to be the first page of what may be a supplemental police report, the documents are incomplete, fail to identify their authors, and lack any indication or suggestion that they were part of the state court record.  (ECF

Doc. 14-1 pp. 1-2.)  This distinguishes them from the report discussed above, which appears complete, was signed by its author, and was quoted by the state appeals court in its decision.

Petitioner does not argue in his motion why these partial documents should be admitted into the record.  In the Traverse, he does quote from the two partial reports (ECF Doc. 13 p. 3) and argue that the statements recorded in those reports supported a defense based on "accident" (*id.* at p. 25).  In further support of this argument, he references the state court of appeals' discussion of his explanation that the shooting in question was accidental.  (*Id.* at p. 26.)  The undersigned notes that the portion of the state court of appeals decision cited by petitioner specifically quotes from Detective Sergeant Wensinger's report, as discussed above.  (*Id.* at p. 26; ECF Doc. 14-1 at p. 6.)  Because the documents in question are incomplete and there is no information suggesting they were considered as part of the state court record, Petitioner's request to add these partial documents to the record is DENIED.

### III.    CONCLUSION

For all the reasons set forth above, Petitioner's Motion to Expand the Record (ECF Doc. 14), is GRANTED in part and DENIED in part.  The psychological evaluation report by Charlene A. Cassel, Ph.D., dated April 14, 2017 (ECF Doc. 14-1 pp. 13-26), shall be added to the record as Exhibit 46.  The police report by Detective Sergeant Wensinger (*id.* at pp. 3-12) shall be added to the record as Exhibit 47.  The request to add the other documents contain in the attachment to Petitioner's Motion to Expand the Record (*id*. at pp. 1-2) is DENIED.


Dated: September 2, 2022


 *s/ Amanda M. Knapp*
AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE

6